FILED
2008 MAY -5 PM 2:17
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: kNH  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO E. MADERAZO,<br><br>Plaintiff,<br><br>v.<br><br>VALERIE LABORE; et al.,<br><br>Defendants. | CASE NO: 99-CV-1381 W (POR)<br><br>**ORDER (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS, (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND (3) DISMISSING CASE FOR FAILURE TO PAY THE FILING FEE** |

On July 6, 1999, Plaintiff filed this lawsuit arising out of the City of Chula Vista's impounding of Plaintiff's car. Plaintiff did not pay the initial filing fee. Instead, Plaintiff filed motions to proceed in forma pauperis ("IFP") and for appointment of counsel. (Doc. No. 2.)

On July 19, 1999, the Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction. Because of the dismissal, the Court did not decide Plaintiff's motions to proceed IFP and for appointment of counsel. However, on January 2, 2008, the Ninth Circuit remanded this case for further proceedings. Accordingly, the Court now decides Plaintiff's motions.

1    All parties instituting a federal district court civil action, suit or proceeding must pay a filing fee. 28 U.S.C. § 1914(a). A plaintiff, however, may be relieved of the filing-fee obligation if granted leave to proceed IFP under 28 U.S.C. § 1915(a).

The determination of whether a plaintiff is indigent, and thus unable to pay the filing fee falls within the district court's discretion. <u>California Men's Colony v. Rowland</u>, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." <u>Id.</u> at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, Plaintiff's motion to proceed IFP is based on a June 30, 1999 declaration. Because the declaration is nearly 10-years old, Plaintiff has failed to establish that paying the court filing fees would impair his current ability to obtain the necessities of life. <u>Adkins</u>, 335 U.S. at 339.

Moreover, even if the Court were to consider Plaintiff's financial condition at the time this lawsuit was filed, Plaintiff has still failed to establish that he is entitled to IFP status. On appeal, Petitioner filed a motion to proceed IFP, which the Ninth Circuit denied. (Doc. No. 10.) Significantly, that motion was based on the same factual allegations included in his motion to proceed IFP in this court. Accordingly, the Ninth Circuit has determined that Plaintiff's financial condition does not warrant IFP status. For this additional reason, the Court denies the motion.

Accordingly, the Court **DENIES** Plaintiff's application to proceed IFP, and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE** and with leave to amend. Plaintiff shall have until **June 2, 2008** to reinstate this case by (1) paying the $350 filing fee <u>or</u> submitting an amended IFP application, <u>and</u> (2) filing a First Amended Complaint. Plaintiff is advised that failure to meet either of these requirements may cause the termination of his case without further leave to amend. In light of the foregoing, Plaintiff's motion to appoint counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

DATE: May 1, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California